GREEbT, J.
—Itis conceded by appellant’s attorney that, as between the specific legatees and the residuary legatees under this will, the specific legatees are entitled to receive their legacies in full before the residuary legatee is entitled to anything, and that as between the infants and the appellant, Leonard, the infants must be protected. TJpon the conceded facts and the concession thus made by the appellant’s counsel, this situation confronts us: The specific legatees under this will have not received all of their legacies, and are entitled to receive the unpaid portions thereof. The appellant, Leonard, as residuary legatee, has received from the executor over §5,000, and more than the unpaid balance of the infants’ legacies. The executor is insolvent, and prima facie the infants are entitled to recover that balance from the appellant. It is conceded that the moneys paid by the executor to this residuary legatee were, under the circumstances of this case, wholly unauthorized. It becomes the duty of plaintiff, as substituted trustee, to recover the amount of such unauthorized payments, and to distribute those moneys according to the terms of the will and the provisions of the law relative to the distribution of this estate. The referee has found that plaintiff is entitled to the payment by the residuary legatee of the amount necessary to pay to these infants the unpaid balance of their legacies. The facts as found, and the law governing the ' case, are conceded to entitle the plaintiff to recover; so that, if we go no further in the consideration of the case, this court will be justified in affirming the judgment entered in accordance with those facts and concessions.
The defendant, John Leonard, however, claims that, as the guardian of the infants has been made a party to this action, the rights of the parties should be considered and fixed, in order that unnecessary litigation may be avoided, and that we should consider this case as though the guardian of the infants was the plaintiff and John Leonard sole defendant, and the action had been brought in behalf of the infants to compel payment to them by Leonard of the balance of the infants’ legacies. We think it reasonable and proper, as all these parties are before the court, to so consider the case. The defendant claims that the guardian of the infant legatees is not entitled to recover of him the balance remaining unpaid of the legacies to these infants, for the reason, as defendant claims, the guardian of the infants has been negligent in the performance of its duties towards its wards, and urges that such negligence is shown in the fact that the executor was not called to an accounting by the guardian until about four years after the appoint *708 ment and qualification of such executor, and that by reason of that fact the executor was thus allowed to commit a devastavit upon the estate, and that thereafter such executor became irresponsible, thus rendering it impossible to collect the amount due the infants from the estate in the hands of the executor. The difficulty with this proposition is apparent. Defendant concedes that he is liable to the infants; that, as between him and them, they should be protected. But the infants are precluded by reason of their infancy from bringing, the action in their own names. They therefore are compelled to act through their representative appointed by the court to protect their interests. Negligence or fraud on the part of the general guardian is not imputable to these infants. The infants themselves have committed' no act of negligence, and they are therefore entitled, in an action brought for that purpose, to a decree against the defendant, compelling him to return to them, through their representative, an amount sufficient to fulfill the bequests of the will relating to them. The defendant cannot complain, as he concedes that they are entitled to protection as against him.
The defendant further urges, however, that this appeal should be disposed of the same as though the guardian of the infants was individually made a party to this action. The guardian is not individually a party to the action, and we have no authority to make it such. It is proper, and may be useful, to consider the question raised by the defendant, to the effect that the guardian of these infants has been negligent, and that, therefore, the defendant should not be compelled to repay these moneys, but that the loss should fall upon the guardian, by reason of its negligence. The specific legatees were entitled to be paid out of the funds of the estate before any portion thereof should be paid to the residuary legatee. The latter was entitled only to the gleanings of tile estate after the payment of all debts and the specific legacies. This the defendant knew at the time he received these moneys. lie took the amount bequeathed to him subject to such payments, and subject, too, to any fraud or negligence upon the part of the executor. The amount to which this residuary legatee was entitled could not be ascertained until the estate had been administered. The testatrix herself, at the time of making the will, could not have known the exact amount which, under the terms of the will, was bequeathed to John Leonard. . The legacies of these infants were definite and fixed. The amount to which this defendant was entitled was indefinite and uncertain. The residuary legatee could take nothing but the residue after payment of the debts and specific legacies. The executor paid to the residuary legatee moneys applicable to the payment of the specific legatees. He paid those moneys before making any provision for or paying these specific legatees the amount named in the will as their legacies. The moment he did this, the executor committed a breach of trust. These moneys were *709 received by the residuary legatee tainted with such breach of trust. As we have seen" the specific legatees knew the amount to which they were entitled by the terms of the will. The residuary legatee was ignorant of what the residuum was, or whether there would be a residuum. Before the payment was made to him, he took no steps to ascertain whether there was any such residuum, and, if any, the amount thereof. He knew at that time that until both the debts and specific legacies were paid there was no residue ; that the residue to which he was entitled had been given expressly subject to the prior payment of these legacies and of debts of the testatrix. Under these circumstances he received these moneys. It seems to me that it was the plain duty of this defendant, before receiving that money, to ascertain whether the conditions under which the money had been bequeathed to him had been performed by the trustee; whether all the debts of the testatrix had been paid; whether all the legacies had been satisfied,- and the trusts of the will performed; and whether the executor then had a right to make the application of these moneys to the residuary legatee. Failing to do this, he received those moneys subject to the future failure or negligence of the executor to fulfill the terms of his trust, and he received those moneys subject to any future devastavit by the executor. It appears clear to me, therefore, that this defendant has no cause of action against the guardian individually for negligence in the administration of its trust. The argument of defendant as to the laches of the guardian is, it seems to me, precluded by the fact that the defendant himself might have instituted proceedings against the executor, to compel pay-, ments by him under the terms of the will, and thus fixed and established the amount of the residuum, to which alone this defendant was entitled. As between the trust company,as guardian, and these infants, the relation of guardian and ward exists, and by reason of such relation the former is re^ quired to exercise a proper degree of care in the performance of its duties. The omission to act in such capacity as a reasonably prudent man, guided by those considerations which or: dinarily regulate the conduct of human affairs, would do, or the commission of such acts as a reasonably prudent man would not do, or absence of care on its part, under the circumstances, would constitute negligence, according to the established and accepted definition of that term. The violation of such care and caution, enjoined upon it in the administration of its duties as such guardian, would furnish its wards cause for complaint and grounds for an action for damages in their favor against it individually; but because this guardian was negligent, and because, by reason thereof, it is liable individually to itk wards for such negligence, it does not necessarily follow that it would be liable to this defendant for that negligence. It owed no duty or obligation to him. Its duty was to its wards. That duty was relative, not absolute, and has no existence *710 between it and this defendant; and between them there can be no such thing as negligence, in the legal sense of the term. Further, we cannot see that what was done by this guardian was negligence on its part. The executor Avas selected by the testatrix as a person to Avhom she trusted her entire estate, and to Avhom she looked for its just and proper distribution. From time to time, after his qualification as executor, he paid to the guardian of these infants various amounts upon their legacies. It appears that down to the 14th day of November, 1894, the executor Avas entirely solvent. On the last-named date, in proceedings instituted by this defendant against the executor, a decree Avas made fixing the amount to A\rhich the infant legatees Avere entitled, and also declaring the amount of the residuary estate. This was the first time the amount of the residuum Avas fixed. By such decree the executor was adjudged to pay over to the parties named therein the amounts to which they Avere entitled, on or before the 1st day of January folioaving. On or about that date the executor absconded, and there are no funds applicable to the payment of the amounts decreed to be paid by the executor. Now it is claimed on behalf of the defendant that this guardian Avas negligent in not previously forcing the executor to make payment of the infants’ legacies, and that, if it had acted promptly and obtained such a decree, its Avards would have received the amount to Avhich they Avere entitled. This does not folloAv, as it seems to me, because we find the executor absconding when the time arrives for the fulfillment of the terms of the decree Avhich Avas made against him. Non constat but that if the guardian had procured a decree against this executor preceding the time Avhen it was made, or immediately folloAving the time when the payment of the legacies could have been enforced, the executor may have avoided the fulfillment of that decree in the same manner as he avoided the decree which Avas entered against him. It appears to me, therefore, that the plaintiff is entitled to recover from this defendant the moneys paid to him, to the extent necessary to pay over to these infants the balance of their legacies, as there are no other claims against the estate of Dorothea Leonard except the claims of the infants and the appellant Leonard. It seems to me also that, viewing the case as Ave have, as though the guardian of the infants was the sole plaintiff and this defendant the sole defendant, the plaintiff Avould be entitled to a recovery to the same extent.
The judgment herein should be affirmed, with costs
Judgment affirmed, Avith costs.
All concur.